## O. R. Morgan, Appellee, v. City of Vienna, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Johnson county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 13, 1917.

### Statement of the Case.

Action of trespass *quare clausum fregit* by O. R. Morgan, plaintiff, against the City of Vienna, defendant, to recover damages for constructing a sidewalk along the side of certain land of plaintiff's against his consent. From a judgment for plaintiff for $40, defendant appeals.

SPANN & SPANN and CHARLES J. HUFFMAN, for appellant.

JOHN O. COWAN, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. TRESPASS, § 40*—*what is effect of plea liberum tenementum.* In an action of trespass *quare clausum fregit* against a city to recover damages for constructing a sidewalk along the side of certain land against the objection of plaintiff, where the defendant pleaded *liberum tenementum,* held that the plea admitted that plaintiff was in possession of the ground and the doing of the acts charged.

2. TRESPASS, § 52*—*when instructions on punitive damages improper because of lack of evidence as basis.* In an action of trespass *quare clausum fregit* against a city to recover damages for constructing a sidewalk along the side of certain land against the objection of plaintiff, where the court on a review of the evidence stated that the proof was not clear of the dedication and acceptance of the strip, but where two instructions were given which advised the jury that punitive or exemplary damages could be awarded, *held* that while it might be that the defendant had no authority to take possession of the ground in question without first invoking the aid of a court, even though a dedication and acceptance were shown, yet there was no proof justifying the giving of such instructions, and that the giving of them constituted reversible error.

3. DAMAGES, § 95*—*liability of city for punitive.* It is scarcely conceivable that a case could be made against a municipal corporation justifying punitive damages.